UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WESTERN PACIFIC SIGNAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TRAFFICWARE GROUP, INC., <br><br> Defendant. | Case No. 18-cv-02307-LB <br><br> **ORDER GRANTING DEFENDANT TRAFFICWARE GROUP, INC.'S MOTION TO DISMISS** <br><br> Re: ECF No. 9 |

## INTRODUCTION

This is a tale of two lawsuits.

The first lawsuit was filed on February 12, 2018. Trafficware Group, Inc. ("Trafficware") sued Western Pacific Signal, LLC ("WPS") in the Southern District of Texas. *Trafficware Grp., Inc. v. W. Pac. Signal, LLC*, No. 4:18-cv-00425 (S.D. Tex. filed Feb. 12, 2018) ("Texas Action"). Trafficware alleges (among other things) that WPS had breached a Distributor Agreement that the parties had entered on January 1, 2013.

The second lawsuit — this one — was filed on March 15, 2018. WPS sued Trafficware in California Superior Court, alleging (among other things) that Trafficware was the one that had breached the Distributor Agreement. WPS brings claims for breach of contract, implied-in-law contract, breach of the covenant of good faith and fair dealing, violations of California's Franchise Relations Act, intentional misrepresentation, tortious interference with contract, tortious

ORDER – No. 18-cv-02307-LB

interference with business relations, trade libel, and violations of California's Unfair Competition Law. On April 17, 2018, Trafficware removed this lawsuit from state court to this court on the basis of diversity jurisdiction. Trafficware now asks the court to dismiss this lawsuit, transfer it to the Southern District of Texas, or stay it while the Texas Action is pending, under the first-to-file rule.

The court finds this matter suitable for determination without oral argument. N.D. Cal. Civil L.R. 7-1(b). The court grants Trafficware's motion and dismisses this action under the first-to-file rule.

## STATEMENT

The court briefly recounts those facts that are relevant to the pending motion to dismiss, transfer, or stay this action under the first-to-file rule.

### 1. The Parties

Trafficware is a developer of high-tech traffic control software and hardware.[1] WPS is a distributor of high-tech electronic and software products for the traffic signal industry that, among other things, sells traffic systems to counties, municipalities, and states.[2]

### 2. The Distributor Agreement

In January 2013, Trafficware and WPS entered into a Distributor Agreement.[3] The Agreement had a one-year term beginning on January 1, 2013 and provided for termination only upon certain specified conditions.[4] Specifically, the Agreement provided:

---

[1] *See* Compl. – ECF No. 1-2 at 6 (¶ 12). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See id.* at 4 (¶ 7).

[3] *Id.* at 10 (¶ 23); Compl. Ex. H (Distributor Agreement) – ECF No. 1-2 at 80–85. The Distributor Agreement was between WPS and Naztec, Inc.; Naztec was Trafficware's legal name until it changed its name in October 2013 to Trafficware Group, Inc. Compl. – ECF No. 1-2 at 3 (¶ 4). The court refers to both Naztec, Inc. and Trafficware Group, Inc. as "Trafficware."

## ARTICLE VI

## DURATION OF AGREEMENT

**1. TERM.** The term of this Agreement shall be for one year from January 1, 2013, unless sooner terminated. Termination shall not relieve either party of obligations incurred prior thereto.

**2. TERMINATION.** This Agreement may be terminated only:

(a) By either party for substantial breach of any material provision of this Agreement by the other, provided due notice has been given to the other of the alleged breach and such other party has not cured the breach within thirty (30) days thereof, or

(b) By [Trafficware] if: there is an unacceptable change in the control or management of [WPS]; if [WPS] ceases to function as a going concern or makes an assignment for the benefit of creditors; if a petition in bankruptcy is filed by or against [WPS], resulting in an adjudication of bankruptcy; or, if [WPS] fails to pay its debts as they become due and provided due notice has been given by [Trafficware] to [WPS] and [WPS] has not cured such breach within thirty (30) days thereof;

(c) By [Trafficware] at the end of the first six (6) months from the date hereof, if the Sales Quota for such period as shown on Exhibit "C" is not achieved;

(d) Upon termination of this Agreement all further rights and obligations of the parties shall cease, except that [WPS] shall not be relieved of (i) its obligation to pay any monies due, or to become due, as of or after the date of termination, and (ii) any other obligation set forth in this Agreement which is to take effect after the date of termination. [WPS] shall have the right to continue to purchase spare parts in accordance with Article VI.[5]

The parties disagree about how they could terminate the Agreement after the end of the initial one-year term. Trafficware maintains that the Agreement expired by its terms on January 1, 2014, and thereafter, the parties' business arrangement had no specific term of duration and was terminable at will and without cause by either party.[6] WPS maintains that the Agreement had an indefinite duration and was subject only to termination for good cause coupled with 30-days' notice and a right to cure.[7]

---

[4] Compl. Ex. H (Distributor Agreement) – ECF No. 1-2 at 81 (art. VI).

[5] *Id.*

[6] Texas Action First Amend. Compl. ("FAC") – ECF No. 1-1 at 5 (¶¶ 17, 19).

[7] Compl. – ECF No. 1-2 at 12 (¶ 24), 13 (¶ 27).

### 3. The Parties' Allegations in Their Competing Lawsuits

The parties' allegations are as follows. Trafficware alleges in the Texas Action that WPS had been making late invoice payments.[8] In November 27, 2017, Trafficware suspended WPS's distributorship relationship.[9] This suspension was based on many issues, including unpaid invoices dating from December 2005.[10] WPS made payments on some of the outstanding past-due invoices, and the distributorship relationship was restored in December 2017.[11] WPS has not made payments to Trafficware on outstanding invoices since November 20, 2017.[12] Trafficware claims that WPS thereby breached the Distributor Agreement.[13] Trafficware also brings claims for quantum-meruit unjust enrichment and for a declaratory judgment that the Distributor Agreement was terminable at will or, if not, that Trafficware provided adequate notice and had good cause terminate it.[14]

WPS argues in this action that the Distributor Agreement is terminable only for cause and with notice and a right to cure.[15] WPS alleges that in January 2018, Trafficware informed WPS that its distributorship relationship would be terminated effective February 15, 2018, without providing any explanation or giving WPS an opportunity to cure any alleged problems.[16] WPS claims that Trafficware thereby breached the Distributor Agreement.[17]

WPS also alleges that Trafficware violated the Agreement in other ways. The Agreement granted WPS the exclusive right to sell Trafficware products in Northern California and

---

[8] Texas Action FAC – ECF No. 1-1 at 6 (¶ 24).
[9] *Id.* (¶ 25).
[10] *Id.* (¶¶ 25–26).
[11] *Id.* (¶ 27).
[12] *Id.* (¶ 28).
[13] *Id.* at 9 (¶¶ 42–49).
[14] *Id.* at 9–12 (¶¶ 50–72).
[15] Compl. – ECF No. 1-2 at 13 (¶ 27).
[16] *Id.* at 18–19 (¶ 42).
[17] *Id.* at 22 (¶ 56).

Washington State.[18] In 2014, WPS submitted a bid to sell Trafficware products to the City of Palo Alto, California.[19] WPS's bid was based on distributor wholesale costs.[20] The City then asked Trafficware to submit a bid (because public agency requests-for-proposals and bid openings typically preclude major contracts awards on advertised solicitations having only a single bidder).[21] Trafficware underbid WPS by nearly 10%, with numerous line items coming in more than 50% below WPS's wholesale pricing from Trafficware.[22] The City accepted Trafficware's bid, which WPS alleges was a breach of its exclusive distribution rights.[23] Similarly, in January 2018, WPS was actively closing two pending sales of Trafficware products and had an additional $5 million of in-progress sales to be completed in 2018, when Trafficware terminated its distribution relationship with WPS.[24] For one of these pending sales — to Clark County, Washington — Trafficware sought to substitute itself as the direct seller and obtained WPS's bids so that it manufacture its own "competitive" bids to submit to the County in order to replace WPS on the County's purchasing contract.[25]

### 4. The Proceedings in the Texas Action

Trafficware filed its original complaint in the Texas Action on February 12, 2018, and filed a First Amended Complaint ("FAC") on February 21, 2018.[26] On March 21, 2018, WPS moved to dismiss the Texas Action for lack of personal jurisdiction and for improper venue or, in the alternative, to transfer it to the Northern District of California for the convenience of the parties

---

[18] *Id.* at 10 (¶ 23(a)); Compl. Ex. H (Distributor Agreement) – ECF No. 1-2 at 80 (art. I, ¶ 1).
[19] Compl. – ECF No. 1-2 at 13–14 (¶ 29).
[20] *Id.*
[21] *Id.* (¶ 30).
[22] *Id.*
[23] *See id.* at 14–15 (¶ 32).
[24] *Id.* at 19 (¶ 44).
[25] *See id.* at 20–21 (¶¶ 47–50).
[26] Docket – No. 4:18-cv-00425 (S.D. Tex.).

and witnesses.[27] On April 24, 2018, Trafficware and WPS filed a joint discovery/case management plan under Federal Rule of Civil Procedure 26(f).[28] On May 3, 2018, the Southern District of Texas denied WPS's motion.[29] On May 4, 2018, the Southern District of Texas held a pretrial conference under Federal Rule of Civil Procedure 16 and entered a scheduling order.[30] On May 18, 2018, WPS filed an answer and counterclaim, in which it pleaded the same factual allegations and claims that it had alleged in its complaint in this action.[31] On June 8, 2018, Trafficware filed an answer to WPS's counterclaim.[32] On June 15, 2018, Trafficware filed a motion for leave to file a Second Amended Complaint, which remains currently pending.[33]

## ANALYSIS

### 1. Governing Law

"[T]he well-established 'first to file rule,' . . . allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) (citing *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn Law Grp, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (internal quotation marks and brackets omitted)

---

[27] WPS Mot. to Dismiss or Transfer – No. 4:18-cv-00425 (S.D. Tex.) – ECF No. 7.

[28] Joint Discovery/Case Mgmt. Plan – No. 4:18-cv-00425 (S.D. Tex.) – ECF No. 12.

[29] Order – No. 4:18-cv-00425 (S.D. Tex.) – ECF No. 14. The order simply said that WPS's motion was denied without further explanation.

[30] Scheduling Order – No. 4:18-cv-00425 (S.D. Tex.) – ECF No. 13.

[31] WPS Answer and Countercl. – No. 4:18-cv-00425 (S.D. Tex.) – ECF No. 15.

[32] Trafficware Answer to Countercl. – No. 4:18-cv-00425 (S.D. Tex.) – ECF No. 16.

[33] Trafficware Mot. for Leave to File Second Amend. Compl. – No. 4:18-cv-00425 (S.D. Tex.) – ECF No. 17.

(quoting *Alltrade*, 964 F.2d at 625). Courts analyze three factors in determining whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240 (citing *Alltrade*, 946 F.2d at 625). "The issues in both cases . . . need not be identical, only substantially similar." *Id.* (citing cases).

**2. Application**

**2.1 First-to-File Factors**

The three first-to-file factors are satisfied here.

First, the Texas Action was filed first, a month before this action was filed. Moreover, the Texas Action has progressed further than this action has: the court there has ruled on a motion to dismiss and motion to transfer, and the parties have each answered each other's pleadings, have had a Rule 26(f) conference, have appeared before the court for a Rule 16 pretrial conference, and (presumably) have begun discovery. This further supports applying the first-to-file rule here. *Cf. Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (applying first-to-file rule in later-filed action where the earlier-filed action "has proceeded to a motion to dismiss for lack of personal jurisdiction. While not much beyond where this matter is at, that motion is more substantial, and the [earlier-filed a]ction appears to have a more developed case file, while this matter is little developed. Thus, this matter should be dismissed for the sake of judicial economy.").

Second, the parties in the Texas Action and the parties in this action are identical. Both involve only Trafficware and WPS, and no other parties.

Third, the issues in the Texas Action and the issues in this action are substantially similar. Even setting aside WPS's counterclaim in the Texas Action (whose issues are identical to the ones in this action), the issues that Trafficware raises in its complaint in the Texas Action have substantial overlap with the ones that WPS raises in its complaint here. Among other things, both actions raise issues about how the Distributor Agreement should be construed, including whether it was still in effect after 2014 and whether the contractual one-year term places an end date on the contractual limitations on termination rights or whether the limitations on termination rights

continue after the end of the one-year term. The first-to-file rule counsels that one court, not two, should decide these issues. *See Wallerstein*, 967 F. Supp. 2d at 1292 (first-to-file rule is meant to alleviate the burden of duplicative litigation and prevent the possibility of conflicting judgments) (citing *Church of Scientology*, 611 F.2d at 750).

WPS concedes that Trafficware's declaratory-judgment claim in the Texas Action raises issues similar to several of its claims in this action.[34] It argues that the first-to-file rule should nonetheless not apply because "[t]he issues presented by WPS in this action, however, are far more expansive."[35] But WPS cites no cases in which a court has declined to apply the first-to-file rule because the plaintiff in the later-filed case filed more expansive claims. To the contrary, at least one court in this district has applied the first-to-file rule and transferred the later-filed case where, as here, the later-filing plaintiffs argued that their claims were more expansive. *Tesoro Corp. v. Chartis Specialty Ins. Co.*, No. C 11-5718 PJH, 2012 WL 12326465 (N.D. Cal. Mar. 2, 2012). That court's holding there is equally applicable here: "[a]lthough, as plaintiffs contend, the instant action is broader than the Texas action, . . . plaintiffs do not dispute that those [broader] claims can just as easily be asserted (indeed, or that plaintiffs may be required to assert them) in the Texas action. Thus, the court concludes that all the elements for application of the first-to-file rule have been satisfied." *Id.* at *2.

WPS also argues that, while the issues Trafficware raised in its FAC are similar to the issues it raises here, the issues that Trafficware raised in its original complaint were not similar. WPS acknowledges that "for determining similarity, a court should examine the most recent complaint, as long as any amendments could have been included in an initial complaint." *Intersearch*, 544 F. Supp. 2d at 959. WPS argues that Trafficware could not have asserted its declaratory-judgment claim in its original complaint on February 12, 2018 because Trafficware's termination of WPS's distributorship rights did not become effective until February 15, and that the court therefore should disregard the declaratory-judgment claim in assessing the actions' similarity. But as of

---

[34] WPS Opp'n – ECF No. 15 at 7.

[35] *Id.*

ORDER – No. 18-cv-02307-LB          8

February 12, Trafficware had already issued its termination notice, and WPS does not establish that Trafficware could not have brought its declaratory-judgment claim then that its notice was a proper and effective termination of the agreement in its original complaint (or, more broadly, that the Distributor Agreement had expired by its terms on January 1, 2014). *Cf. Raymat Materials, Inc. v. A & C Catalysts, Inc.*, No. C 13-00567 WHA, 2013 WL 3662477, at *2–3 (N.D. Cal. July 12, 2013) (holding that a party that issued a termination notice that took 60 days to take effect could bring an action asking for a declaratory judgment that the notice was effective before the 60 days elapsed).

### 2.2 Discretionary Exceptions to the First-to-File Rule

Courts consider several exceptions to the first-to-file rule. Exceptions to the first-to-file rule are equitable remedies, however, and it is within the court's sound discretion to decline to apply exceptions, even where they facially apply. *See Alltrade*, 946 F.2d at 628 ("[D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity. But it is not an abuse of discretion, and therefore not reversible error, for a district court judge to weigh the facts and conclude that the rule should apply.").

WPS first argues that the court should dispense with the first-to-file rule because Trafficware engaged in anticipatory forum shopping. "A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Intersearch*, 544 F. Supp. 2d at 960 (some internal quotation marks omitted) (citing cases). "But, 'a letter which suggests the possibility of legal action, however, in order to encourage or further a dialogue, is not a specific, imminent threat of legal action.'" *Id.* (citing cases). "Likewise, 'a reasonable apprehension that a controversy exists sufficient to satisfy the constitutional requirements for a declaratory judgment action is not equivalent to an imminent threat of litigation.'" *Id.* at 960–61 (internal brackets and ellipsis omitted) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1137 (11th Cir. 2005)). WPS cites several litigation hold notices and a letter captioned "SETTLEMENT DEMAND LETTER" that it sent to Trafficware, in which it stated that "WPS will continue

preparing itself for the coming legal battle[.]"[36] But the "[m]ere receipt of a letter from an opposing party suggesting the possibility of legal action at some undefined point in time if settlement is not reached does not constitute a 'specific, imminent threat of legal action.'" *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-cv-02588-YGR, 2016 WL 4492583, at *4 (N.D. Cal. Aug. 26, 2016) (citing *Intersearch*, 544 F. Supp. 2d at 960). WPS does not claim that its settlement demand letter suggested that it would take legal action at any defined point in time. Nor does WPS cite any cases in support where a court has declined to apply the first-to-file rule because the first-filed action was anticipatory. WPS has not convinced the court that it should deviate from the generally applicable first-to-file rule here. *Cf. id.* at *5 ("The mere fact of settlement negotiations alone does not persuade the Court that the anticipatory suit exception to the first-to-file rule should be applied."); *see also Kohn*, 787 F.3d at 1239 ("The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly.").

WPS also argues that this district is a more convenient forum for the parties than the Southern District of Texas. But the Southern District of Texas has already considered the relative convenience of the forums in ruling on WPS's transfer motion in the Texas Action and denied WPS's motion. The Ninth Circuit has instructed that "normally this argument should be addressed to the court in the first-filed action. . . . The court in the second-filed action is not required to duplicate this inquiry." *Alltrade*, 946 F.2d at 628 (internal brackets omitted) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982)); *accord, e.g.*, *Tesoro*, 2012 WL 12326465, at *2 ("Insofar as plaintiffs contend that the balance of convenience factors should nonetheless weigh in favor of a departure from application of the first-to-file rule, the court finds that this determination should be made by the Texas court, in accordance with the above-stated authority."). WPS has not persuaded the court that it should depart from that standard here.[37]

---

[36] WPS Opp'n Ex. E – ECF No. 16-5 at 3.

[37] WPS argues that the Southern District of Texas provided no explanation of its reasoning in denying WPS's transfer motion, but it cites no authorities that suggest that that provides a basis for this court to re-adjudicate the convenience issue.

ORDER – No. 18-cv-02307-LB 10

While not dispositive, it is also perhaps telling that WPS does not cite a single case in which a court has declined to apply the first-to-file rule. All of the cases that WPS cites are ones in which courts applied the first-to-file rule to dismiss, transfer, or stay cases. *See Kohn*, 787 F.3d at 1241 (upholding district court's stay of later-filed action); *Pacesetter*, 678 F.2d at 97 (affirming district court's dismissal of later-filed action); *Therapy Stores*, 2016 WL 4492583, at *6 (staying later-filed action); *Intersearch*, 544 F. Supp. 2d at 963–64 (dismissing later-filed action); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1101–02 (N.D. Cal. 2006) (transferring later-filed action to forum of earlier-filed action); *Ward v. Follett Corp.*, 158 F.R.D. 645, 650 (N.D. Cal. 1994) (dismissing later-filed action). WPS has not convinced the court that it should grant an exception to the generally applicable first-to-file rule here.

## CONCLUSION

The court would normally consider whether it should transfer this action to the Southern District of Texas or stay it until the Texas Action is completed, rather than dismissing it. *Cf. Inherent.com*, 420 F. Supp. 2d at 1100–02 (declining to dismiss later-filed action but transferring it to forum of earlier-filed action). But here, because WPS has already brought a counterclaim in the Texas Action that pleads the same factual allegations and claims as this action, there would be no benefit to transferring this action to the Southern District of Texas, as it would be wholly duplicative there. Similarly, there would be no benefit to staying this action until the Texas Action is completed, because the Texas Action will fully adjudicate all issues raised in this action. The court therefore finds dismissal appropriate and dismisses this action under the first-to-file rule.

**IT IS SO ORDERED.**

Dated: June 25, 2018

_____
LAUREL BEELER
United States Magistrate Judge